UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBIN DALE KILGORE PEPPERS,<br><br>Petitioner,<br><br>v.<br><br>SHERIFF,<br><br>Defendant. | CAUSE NO. 3:26-CV-995-JD-AZ |

OPINION AND ORDER

Robin Dale Kilgore Peppers, a prisoner without a lawyer, filed a habeas petition challenging his pretrial detention in Case No. 71D01-2505-F4-36 pending in the St. Joseph Superior Court. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Though the petition is both sprawling and difficult to parse, it is readily apparent that many of Peppers' claims are not valid habeas claims. A critical component of a valid habeas claim is a challenge to the petitioner's custody. 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief to respondents is a determination by the federal court that their custody violates the Constitution, laws, or treaties of the United States.").

Peppers challenges the lawfulness of his arrest, but his arrest occurred more than one year ago, and the lawfulness of his arrest is distinct from the issue of whether his continued detention is lawful. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 364-70 (2017)

(comparing and contrasting unlawful arrest and unlawful detention claims); *see also Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996) ("[A] wrongful arrest claim, like a number of other Fourth Amendment claims, does not inevitably undermine a conviction; one can have a successful wrongful arrest claim and still have a perfectly valid conviction.). He also asserts numerous claims regarding how jail staff have treated him at the St. Joseph County Jail, but claims relating to the conditions of confinement cannot be raised in habeas cases. *See Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011) ("When there isn't even an indirect effect on duration of punishment . . . we'll adhere to our long-standing view that habeas corpus is not a permissible route for challenging prison conditions.").

Next, Peppers raises claims that the prosecution has refused to disclose exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and that his right to self-representation may be violated. However, it is unclear how these claims relate to Peppers' pretrial detention. Peppers does not suggest that the trial court has refused to allow him to waive his right to trial counsel, and Peppers cannot demonstrate a valid *Brady* claim during his pretrial detention. *See United States v. Walter*, 870 F.3d 622, 629 (7th Cir. 2017) ("Evidence is material under Brady "if there is a reasonable probability that, had [it] been disclosed to the defense, the result of the proceeding would have been different."). Peppers also asserts numerous violations of State law, but "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

As far as the court can tell, the only plausibly valid claim in the petition is that Peppers' assertion that the State has violated his constitutional right to a speedy trial. Exhaustion of State court remedies is not a statutory requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). Judicially-created common-law exhaustion applies when Congress has not clearly required exhaustion via statute. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-16 (7th Cir. 2004). To exhaust, a habeas petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004).

In Indiana, speedy trial claims can be raised in an interlocutory appeal. *See Curtis v. State*, 948 N.E.2d 1143 (Ind. 2011); *Dillard v. State*, 102 N.E.3d 310 (Ind. Ct. App. 2018). The electronic docket for the State court indicates that Peppers pursued an interlocutory appeal but did not seek transfer to the Indiana Supreme Court. Consequently, the court is inclined to find that Peppers failed to exhaust State court remedies. However, in light of his *pro se* status, the court will first grant Peppers an opportunity to provide a detailed explanation of his exhaustion efforts with respect to his constitutional right to a speedy trial.

Peppers also filed a motion seeking his release from custody and to stay State court proceedings pending the court's review of the habeas petition, which the court construes as a request for a preliminary injunction. ECF 4. "[A] party seeking a preliminary injunction must demonstrate (1) some likelihood of succeeding on the merits, and (2) that it has no adequate remedy at law and will suffer irreparable harm if preliminary relief is denied." *Cassell v. Snyders*, 990 F.3d 539, 544–45 (7th Cir. 2021). "If these threshold factors are met, the court proceeds to a balancing phase, where it must then consider: (3) the irreparable harm the non-moving party will suffer if preliminary relief is granted, balancing that harm against the irreparable harm to the moving party if relief is denied; and (4) the public interest, meaning the consequences of granting or denying the injunction to non-parties." *Id.* "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

As detailed above, the only discernibly plausible claim in the habeas petition is the claim that the State violated his constitutional right to a speedy trial. The Sixth Amendment guarantees criminal defendants "the right to a speedy and public trial." "The speedy trial right attaches when a defendant is indicted, arrested, or otherwise officially accused." *Hart v. Mannina*, 798 F.3d 578, 596 (7th Cir. 2015). To assess an alleged violation of the right to a speedy trial, courts consider four factors: (1) the length of the delay, (2) the reasons for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) any prejudice the defendant suffered by the delay. *Barker v.*

*Wingo*, 407 U.S. 514, 530-32 (1972); *see also Doggett v. United States*, 505 U.S. 647, 651 (1992) (formulating the second factor as "whether the government or the criminal defendant is more to blame for that delay.").

On this record, the reasons for the delay are not sufficiently clear. By seeking to stay State court proceedings, it appears that Peppers is seeking to delay his criminal trial. He frames it as an effort to first obtain discovery materials from the prosecution, but he does not explain what specific discovery materials he seeks to obtain, why he believes the prosecution is withholding them, or why he needs them for trial. Further, as mentioned above, the court is unable to discern Peppers' efforts to present his constitutional right to a speedy trial to the State courts and so also cannot find that he does not have an adequate remedy at law or that he has properly asserted his constitutional right to a speedy trial in State court. Additionally, it is unclear how Peppers could simultaneously maintain that his trial delay prejudiced him and that he would suffer irreparable harm if his criminal trial is allowed to proceed. Consequently, the court denies the motion for release and to stay State court proceedings.

Finally, Peppers has filed a motion to appoint counsel. ECF 3. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus case, if "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). Peppers does not demonstrate that he has made any effort to obtain a lawyer on his own. Further, at this time, Peppers need only

provide a detailed explanation of his efforts to exhaust State court remedies in connection with his claim that the State has violated his constitutional right to a speedy trial. Consequently, the court denies the motion to appoint counsel with leave to refile once Pepper is able to demonstrate that he has made a reasonable attempt to obtain counsel on his own and has filed a response to this order.

For these reasons, the court:

(1) GRANTS the motion for leave to proceed *in forma pauperis* (ECF 2);

(2) ORDERS Robin Dale Kilgore Peppers to file a response to this Order by October 2, 2026;

(3) CAUTIONS Robin Dale Kilgore Peppers that, if he does not respond by that deadline, this case will be dismissed without further notice; and

(4) DENIES the motion for counsel (ECF 3); and

(5) DENIES the motion for release and to stay State court proceedings (ECF 4).

SO ORDERED on September 2, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT